## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAVERNE L. POUSSAINT, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5387 |
| | : | |
| ELIEZER R. MENDLOWITZ, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**COSTELLO, J.**                                                            **OCTOBER 22, 2024**

LaVerne L. Poussaint filed this *pro se* civil case naming as Defendants Eliezer R. Mendlowitz and Evergreen Communities Senior Living, LLC, invoking both federal question jurisdiction and diversity jurisdiction.[1]  Poussaint also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Poussaint leave to proceed *in forma pauperis* and dismiss her Complaint.

### I.    FACTUAL ALLEGATIONS[2]

Poussaint's factual allegations appear to relate to an impending eviction from her apartment in Norristown.  She alleges that Defendant Mendlowitz "for tax evasion purposes" has his operations manager "run his criminal enterprise along the Russian mafiya-type daisy chain

---

[1] Poussaint lists numerous federal statutes and regulations upon which she asserts this Court can exercise federal question jurisdiction, including citations to the RICO statute, the Rehabilitation Act, and the provision of the Civil Rights Act covering civil rights conspiracies, 42 U.S.C. § 1985.  She does not explain how any of the other statutes and regulations relate to her claims.  The Court understands her to be asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[2] The factual allegations set forth in this Memorandum are taken from Poussaint's Complaint (ECF No. 2.)  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

business model." (Compl. at 4.) Each apartment is allegedly "its own discrete money-laundering company, calculated (with the help of fintech, proptech, and cryptocurrency apparati), to generate a certain % of profits to sufficiently satisfy Mendlowitz's stateside and foreign stakeholders." (*Id*.) Poussaint claims that in April 2024 she received "an irregular recertification communiqué" from one of Mendlowitz's operations in New Jersey. (*Id*.)

Poussaint alleges that Mendlowitz is a "RICO-level racketeer" who has "expanded his transnational, 60+ LLCs empire to penetrate the corridors of profiteering power with my domicile in Norristown," using a "posse within the municipal infrastructure of Montgomery and Delaware Counties." (*Id*. at 5.) She makes an additional allegation that Mendlowitz's management team sent "racial steering relocation emails." (*Id*.) She claims that the Defendants' actions are "giving rise to forced relocation, displacement, manufactured dislodging, disequilibrium, and dispossession." (*Id*.) Poussaint seeks $10 million, "a halt be placed on all eviction processes for one year," and a writ of mandamus be issued to the MCHA – apparently the Montgomery County Housing Authority – to continue "HAP contracts on my unit" until she can move somewhere else "with all deliberateness and dignity." (*Id*.)

## II.   STANDARD OF REVIEW

The Court grants Poussaint leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible."  *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

III.    **DISCUSSION**

A.    **Injunctive Relief**

While not entirely clear, Poussaint appears to allege civil rights conspiracy, RICO and

Rehabilitation Act claims against the Defendants and seeks both money damages and to enjoin

her eviction from her apartment.  To the extent she seeks an order from this Court to halt a state

court ordered eviction, the Court cannot grant this relief.

The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of

staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential*

*Ins. Co. of Am. Sales Practices Litig*., 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. §

2283)).  "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the

injunction falls within one of [the] three specifically defined exceptions'" – authorization by

Congress, necessary for aid of jurisdiction, or to protect a judgment, which are to be construed

narrowly.  *Id*. (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S.

281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act

precludes a federal court from enjoining state court eviction or foreclosure proceedings."

*McMillan v. Nationstar Mortg. Co*., No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22,

2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct.

21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of

authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No.

14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that

this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–

Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act).  Accordingly, the Court cannot enjoin state court eviction proceedings or the execution of a state court eviction order, to the extent Poussaint is seeking such relief.

      **B.**    **Mandamus Relief**

Poussaint also ask for mandamus relief against a county agency.  There are two sources of jurisdiction for a federal district court to grant relief in the nature of mandamus.  Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Also, 28 U.S.C. § 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction.  Poussaint's request for mandamus relief is not appropriate under either statute because her request is aimed at a county level agency, not a federal agency, and would not be in aid of our jurisdiction.  Accordingly, the request is dismissed for want of jurisdiction.

      **C.**    **Money Damages Claims**

          **1.**    **Civil Rights Conspiracy**

Poussaint appears to allege a civil rights conspiracy claim.  42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ."  42 U.S.C. § 1985(3).  To state a plausible claim under § 1985(3) a plaintiff must allege the following elements:  (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or

indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997).  Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Moreover, a plaintiff must allege specific facts in order to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3).  A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.")

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New*

*Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

Poussaint has failed to allege sufficient facts to state a plausible § 1985 claim. While she makes a vague allegation that Mendlowitz's management team sent "racial steering relocation emails" (Compl at 5), she does not explain what this means and her mere use of word "racial" is conclusory and thus insufficient. *See Iqbal*, 556 U.S. at 678. Nothing else in her Complaint indicates that the Defendants were motivated by a racial or class based discriminatory animus designed to deprive her, directly or indirectly, of the equal protection of the laws. She also fails to allege a conspiracy with sufficient facts to show an agreement to commit the alleged improper actions since she does not define the members of the conspiracy or specific acts taken in furtherance of the conspiracy. Accordingly, the § 1985 claim for money damages must be dismissed.

### 2.    RICO Claim

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) provides that: "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern racketeering activity or collection of unlawful debt." Subsection 1962(d) of the statute makes it unlawful for any person to conspire to violate 18 U.S.C. § 1962 subsections (a) through (c). To allege a plausible claim, a plaintiff must adequately set forth the following elements of civil RICO: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L., v. Imrex Company, Inc.*, 473 U.S. 479, 496 (1985). Additionally, a plaintiff must allege plausibly that they have been injured in their business or property as a result of the

alleged racketeering activity.  *Id.*  A "pattern" of racketeering activity requires at least two predicate acts of racketeering.  *See* 18 U.S.C. § 1961(5); *Sedima, S.P.R.L.*, 473 U.S. at 496 n. 14. Section 1961 provides an exclusive list of those acts that can constitute racketeering activity for the purposes of pleading violation of RICO, including such things as any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, and fraud.  *See Annulli v. Panikkar*, 200 F.3d 189, 199 (3d Cir. 1999).

Poussaint's RICO claim fails to allege plausibly any of the four elements of the claim, or that she has been injured in her business or property.  Her allegations are conclusory and unsupported by specific facts.  Accordingly, the RICO claim is also dismissed.

### 3.      Rehabilitation Act

Because Poussaint also cites the Rehabilitation Act, the Court understands her to be asserting a claim pursuant to Section 504 of the Act, 29 U.S.C. § 794.  Under that Section, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).  To state a claim for relief under § 504, a plaintiff must allege plausibly that: (1) she is disabled; (2) she is "otherwise qualified" for the benefit sought; (3) she is being excluded from the participation in, denied the benefits of, or subjected to discrimination "solely by reason of . . . [her] disability;" and (4) the entity in question receives federal financial assistance.  *Doe v. Div. of Youth and Family Svcs.*, 148 F. Supp. 2d 462, 490 (D.N.J. 2001). Poussaint does not allege that she suffers from a significant physical impairment, and does not allege that she has been denied a benefit by reason of a disability by an entity that receives federal funds.  The Rehabilitation Act claim, thus, is also dismissed.

C.      **State Law Claims**

Because the Court has dismissed her federal claims, the Court will not exercise

supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Poussaint seeks to

assert.  Accordingly, the only independent basis for jurisdiction over any such claims is 28

U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

. . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'

even though only minimal diversity is constitutionally required.  This means that, unless there is

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the

state where he is domiciled, meaning the state where he is physically present and intends to

remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's

burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker*

*State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972)

(stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the

parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A.

No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Poussaint alleges that she is a citizen of Pennsylvania and both named Defendants are

citizens of New Jersey.  (Compl. at 4-5.)  However, she alleges that Defendant Evergreen

Communities Senior Living is a limited liability corporation.  (*Id*.)  The citizenship of

partnerships and other unincorporated associations including an LLC is determined by the citizenship of its partners or members.  *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of an LLC is determined by the citizenship of its members.  And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.") (internal quotation marks omitted).  Poussaint's allegation that Evergreen Communities Senior Living LLC is a citizen of New Jersey, without alleging the citizenship of its members, or adequately alleging that none of its members are citizens of Poussaint's own state, *see Lincoln Ben. Life Co.*, 800 F.3d at 107-08 (stating that a "State X plaintiff may therefore survive a facial challenge by alleging that none of the defendant association's members are citizens of State X," after conducting a reasonable investigation into the defendant's citizenship), fails to meet her burden to demonstrate complete diversity of citizenship.  Accordingly, any state law claim she seeks to present will be dismissed for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons stated, Poussaint's Complaint will be dismissed for failure to state a plausible claim for relief.  Her request for injunctive relief will be dismissed with prejudice and her request for mandamus relief will be dismissed without prejudice for lack of subject matter jurisdiction with no leave to amend.  Her federal law claims seeking money damages will be dismissed as well, but the dismissal will be without prejudice and Poussaint will be granted an opportunity to file an amended complaint if she is capable of curing the defects the Court has identified in her money damages claims.  Her state law claims will be dismissed without

prejudice for lack of subject matter jurisdiction.  An appropriate Order follows with additional information about amendment.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**